(53 Misc. Rep. 595)

ROSENTHAL v. FREEDMAN et al.

(Supreme Court, Appellate Term. April 10, 1907.)

BILLS AND NOTES—CHECKS—BONA FIDE PURCHASER.

Where a check indorsed to plaintiff was valid at its inception, and at the time plaintiff took it without knowledge of any equitable defense that the makers might have as against the payee, plaintiff was entitled to enforce the same as a bona fide purchaser for value, regardless of the amount paid therefor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 904, 904½.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by William Rosenthal against Meyer H. Freedman and others. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Henry S. Schimmel, for appellant.
Gustavus A. Rogers, for respondents.

PER CURIAM. The uncontradicted evidence shows that the defendants owed one Berkowitz $200; that they gave him a check for $175; that Berkowitz went to plaintiff's saloon with the check, indorsed the same, and delivered it to plaintiff; that plaintiff indorsed it and delivered it to his wife, to be deposited in her bank, as plaintiff had no bank account in his own name; that plaintiff's wife indorsed the said check and deposited it in her bank; that defendants, owing to subsequent acts of Berkowitz, stopped payment on the check; and that, when the check came back unpaid to plaintiff, he went to see defendants and asked them why they had stopped payment on the check.

The plaintiff swears that he paid Berkowitz $175 in cash for the check. Defendants swear that at this interview, subsequent to the stoppage of payment, plaintiff told defendants that he had only advanced "$10 in drinks" on the check. Be that as it may, it is clearly

established that the check was valid in its inception, and that plaintiff took it without knowledge of any equitable defenses that defendants might have as against Berkowitz's right to payment of the check. Whether Berkowitz sold the check for its face value, or less, is no concern of the defendants; and plaintiff has shown himself by un-contradicted evidence to be a bona fide holder and entitled to payment.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.